IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JEFFERSON CARO FRANCO,

Petitioner,

vs.

WARDEN, LINCOLN COUNTY DETENTION CENTER, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, and ICE OMAHA FIELD OFFICE DIRECTOR,

Respondents.

**8:26CV569**

**ORDER**

This matter comes before the Court on Petitioner's Petition for Writ of Habeas Corpus. Petitioner argues he is improperly being detained without being afforded a bond hearing.

## I. BACKGROUND

Petitioner is a native and citizen of Colombia who entered the United States without inspection on September 14, 2024. Filing No. 11 at 3. That same day, Respondents apprehended Petitioner, placed him in removal proceedings, and paroled him without bond into the country. Filing No. 11 at 4. On August 14, 2025, Petitioner filed an application for asylum. Filing No. 11 at 4; Filing No. 11-2.

On September 6, 2026, ICE encountered Petitioner at the Keith County, Nebraska, jail following an arrest for disorderly conduct and open container. Filing No. 11 at 4. They lodged an ICE detainer, and Petitioner was released to ICE custody on September 15, 2026. Petitioner subsequently signed an agreement for pre-conclusion voluntary

departure. Filing No. 11-6. The agreement included a withdrawal of his previous asylum application and an agreement to leave the country on or before November 15, 2026. Filing No. 11-6; Filing No. 11-5. However, on October 1, 2026, Petitioner informed ICE that he no longer wants voluntary departure. Filing No. 11 at 4. Petitioner subsequently filed this Petition and remains detained.

## II. STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

Petitioner was granted voluntary departure but has now withdrawn his request for voluntary departure. Neither party addresses Respondents' ability to detain Petitioner following the withdrawal of a request for pre-conclusion voluntary departure.

"The Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense under this subsection, in lieu of being subject to proceedings under section 1229a of this title or prior to the completion of such proceedings . . . ." 8 U.S.C. § 1229c(a)(1). This pre-conclusion voluntary departure granted by the Attorney General is distinct from voluntary departure granted in the alternative to an order of removal by an immigration judge at the end of immigration proceedings which find the alien removable. *See* 8 U.S.C. § 1229c(b).

Respondents granted Petitioner voluntary departure under 8 U.S.C. § 1229c(a)(1), but Petitioner has taken action to withdraw his request for voluntary departure by contacting ICE. The Supreme Court has held in a similar context that it is the alien's right to withdraw such a request. *See* *Dada v. Mukasey*, 554 U.S. 1, 21 (2008) ("[T]he alien must be permitted to withdraw, unilaterally, a voluntary departure request before expiration of the departure period. . . ."). Importantly, because DHS granted voluntary departure prior to filing a notice to appear, there does not appear to be an active or closed case in immigration court in which Petitioner could take further action such as by filing a motion to reopen. Accordingly, Petitioner has taken all steps within his control to withdraw his request for voluntary departure. This is in contrast to cases where a court has held a Petitioner has waived his right to contest voluntary departure by failing to file a motion in the immigration court. *See, e.g.*, *United States v. Sow*, No. 2:25-CR-00039, 2026 WL 509004, at *9 (D. Vt. Feb. 24, 2026) (finding Petitioner had failed to exhaust his administrative remedies by failing to file a motion to reopen or reconsider the immigration judge's grant of voluntary departure).

Petitioner made the withdrawal request nearly two weeks ago, but to date, Respondents have not indicated how they have responded or intend to respond to Petitioner's withdrawal of his request for voluntary departure. For example, in similar situations, Respondents have revoked the voluntary departure and issued the alien a notice to appear in immigration court.

While it is true that the Court lacks jurisdiction to review a decision to deny voluntary departure, *see* 8 U.S.C. § 1229c(f), this is not the situation at hand as Petitioner was not denied voluntary departure. Rather, he was *granted* voluntary departure but has

now withdrawn his request. The Court needs to know the current procedural posture of the case to understand its ability to grant or deny the relief Petitioner seeks. For example, if Respondents plan to deny Petitioner's right to withdraw voluntary departure, there is authority for the Court to make a determination regarding whether Respondents coerced Petitioner's acceptance of voluntary departure as he alleges. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006) ("Given the consequences of an agreement to accept voluntary departure, such an agreement, like a plea agreement, should be enforced against an alien only when the alien has been informed of, and has knowingly and voluntarily consented to, the terms of the agreement."). It may therefore be necessary to require evidence or have a hearing to allow the Court to make such findings.

On the other hand, if Respondents intend to revoke the grant of voluntary departure and issue a notice to appear, then it may change the legal authority they have to detain Petitioner. With a valid grant of voluntary departure, Respondents have the authority to detain an alien. *See* 8 C.F.R. 240.25(b) ("The Service may attach to the granting of voluntary departure any conditions it deems necessary to ensure the alien's timely departure from the United States, including . . . continued detention pending departure . . . ."). But if Respondents revoke the grant of voluntary departure and issue Petitioner a notice to appear, then he would no longer be detained under the provisions relating to voluntary departure, but possibly under 8 U.S.C. §§ 1225 or 1226. This could potentially change the ability of the Court to review Petitioner's detention, but the Court cannot speculate on the extent of its authority with the information currently available to it. Therefore,

IT IS ORDERED:

1) On or before **October 22, 2026**, Respondents shall provide a status update on how they have responded or intend to proceed in light of Petitioner's withdrawal of his request for voluntary departure. Respondents may also submit legal argument regarding the Court's authority to order relief in light of these new factual developments. Respondents need not submit additional legal argument that merely repeats the arguments made in their first responsive brief.
2) If Respondents submit additional legal argument, Petitioner may reply on or before **November 2, 2026**. Otherwise, the Court will deem the matter submitted upon receipt of Respondent's status update.
3) The Court's order prohibiting Petitioner's removal from the district or the country remains in effect.

Dated this 15th day of October, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge